IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00323-SKC

Y.C.D.,

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.

---

OPINION & ORDER

---

This action is before the Court under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, for review of the Commissioner of Social Security's ("Commissioner" or "Defendant") final decision denying Plaintiff Y.C.D.'s[1] application for disability insurance benefits (DIB).

The Court has carefully considered the parties' briefs, the social security administrative record, and applicable law. No hearing is necessary. Because the ALJ applied the correct legal standards and substantial evidence in the record supports her findings and the Final Decision, the Court AFFIRMS the Final Decision.

---

[1] This Opinion & Order identifies Plaintiff by initials only per DC.COLO.LAPR 5.2.

1

## BACKGROUND

On August 26, 2020, Plaintiff filed an application for DIB under the Social Security Act claiming she became disabled beginning April 4, 2020. Plaintiff's original claim was denied on February 16, 2021, and was reconsidered on August 4, 2021. Plaintiff filed a request for a hearing and then appeared and testified at an administrative law hearing on May 18, 2022, before Administrative Law Judge Jennifer Millington (ALJ). Plaintiff was represented by attorney Richard Sans Soucy at the hearing.

The ALJ issued her written Decision on October 3, 2022. Dkt. 7-2.[2] She determined Plaintiff had not been under a disability from the April 4, 2020, onset date through the date she was last insured, or December 13, 2021. Plaintiff then requested review by the Appeals Council, which denied her request, and in doing so, the ALJ's Decision became the Final Decision of the Commissioner of Social Security. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff then timely filed this action. AR: 2.  The Court has jurisdiction to review the Final Decision under 42 U.S.C. § 405(g).

---

[2] The Court uses "Dkt. __" to refer to specific docket entries in CM/ECF and uses "AR: __" to refer to documents in the administrative record. The administrative record may be found at Dkt. 7.

**DIB FRAMEWORK**[3]

A person is disabled within the meaning of the Social Security Act "only if [her] physical and/or mental impairments preclude [her] from performing both [her] previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-CV-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (citing 42 U.S.C. § 423(d)(2)). "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15-cv-00230-JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original) (quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

---

[3] Throughout this Opinion, while the Court may cite relevant sections of Part 404 of Title 20 of the Code of Federal Regulations (which contain the Commissioner's regulations relating to disability insurance benefits), identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made based on the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 9234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *see also* 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at Step Three with no need to proceed further in the five-step analysis. 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step."). Between the Third and Fourth steps, the ALJ must assess the claimant's residual functional capacity (RFC). *Id.* § 416.920(e). The claimant has the burden of proof in Steps One through Four. The

Commissioner bears the burden of proof at Step Five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

The ALJ's Decision tracks the five-step process. At Step One, she found Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of April 4, 2020, through December 31, 2021. AR: 18. At Step Two, she found Plaintiff has the following severe, medically determinable impairments: degenerative disc disease (DDD) of the cervical spine with central canal narrowing and spinal stenosis *Id*. At Step Three, she found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 21. She then found Plaintiff has the following RFC, "…to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb. The claimant can never reach overhead." *Id*. at 23.

At Step Four, the ALJ determined Plaintiff was unable to perform any past relevant work. *Id*. at 29. At Step Five, she found there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, including cashier/checker and waitress. *Id*. Accordingly, the ALJ determined Plaintiff was not disabled during the relevant period. *Id*.

## STANDARD OF REVIEW

In reviewing the Commissioner's Final Decision, the Court's review is

> …limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported

5

> by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla, but less than a preponderance.

*Lee v. Berryhill*, 690 F. App'x 589, 590 (10th Cir. 2017) (internal quotations and citations omitted, citing *inter alia Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive.").

A court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing the ALJ's decision was justified. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "We review only the sufficiency of the evidence, not its weight . . . Although the evidence may also have supported contrary findings, we may not displace the agency's choice between two fairly conflicting views." *Lee*, 690 F. App'x at 591-92. Nevertheless, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). A reviewing court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## ANALYSIS

Plaintiff argues that "The ALJ's RFC determination is unsupported by substantial evidence as she rejected every medial opinion of record and instead inserted her own lay opinion in forming the RFC." Dkt. 11 at p.10. Specifically, Plaintiff contends that if "the opinion of PA Barjenbruch were (sic) properly considered Plaintiff would not be able to engage in even sedentary work." *Id.* at p.15.

"A medical opinion is a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [a claimant has] one or more impairment-related limitations or restrictions in the...ability to perform physical demands ... [and] mental demands of work activities[.]" 20 C.F.R. § 404.1513(a)(2). Under the regulations, the ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)...including those from [the claimant's] medical sources." *Id.* at § 404.1520c(a). Instead, "the ALJ considers the persuasiveness of those opinions using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as 'a medical source's familiarity with the other evidence in a claim.'" *Mileto v. Comm'r*, SSA, No. 21-1403, 2022 WL 17883809, at *2 (10th Cir. Dec. 23, 2022) (citing *Id.* §§ 404.1520c(c), 416.920c(c)).

The Final Decision discusses how the ALJ considered medical opinions and weighed the supportability, consistency, relationship with the claimant, and other factors. She "fully considered the medical opinions and prior administrative medical

7

findings as set forth below." *Id.* at 27. She discussed the findings of Leah Barjenbruch, a certified physician's assistant, who treated Plaintiff. *Id.* Ms. Barjenbruch opined that Plaintiff:

> …can sit about 4 hours in an 8-hour working day; stand/walk about 2 hours in an 8-hour working day; must shift positions at will; requires unscheduled breaks that may last 2-4 hours; can never look up; can rarely turn her head right or left; can only occasionally look down or hold her head in a static position; and will likely miss more than four days of work each month due to her condition.

*Id.*

The ALJ found Ms. Barjenbruch's opinion unpersuasive for many reasons. To start, the record does not contain any examinations performed by Ms. Barjenbruch, which suggested to the ALJ that her opinions were conclusory and not supported by medical evidence. *Id.* at 28. Next, regarding treatment with Ms. Barjenbruch, Plaintiff declined the suggested treatment of injections and surgery and only wanted to take targeted medication. *Id.* Additionally, the ALJ discusses how Plaintiff returned to work after settling her worker's compensation claim which "suggests the claimant retains a greater capacity than alleged." *Id.* at 26. Plaintiff also testified that she is able to perform light household cleaning, laundry, shopping, driving, and light gardening which is inconsistent with Ms. Barjenbruch's opinion. *Id.* at 24.

The ALJ found that Ms. Barjenbruch's findings were not supported by other objective medical evidence. *Id.* at 27. She discussed how Plaintiff did not seek or receive much follow up treatment for her neck condition for over a year, indicated she had no interest in injection therapy or surgical consideration, and participated in

8

physical therapy through early 2022 with intermittent resolution of symptoms. *Id.* Throughout the opinion, the ALJ considered Plaintiff's pain management; medical reports; her testimony; daily activities; and the consistency of Plaintiff's testimony with objective medical evidence. When weighing the evidence in the record and testimony, the ALJ stated that:

> Although the undersigned does not discount that the claimant has severe impairments, and as a result experiences some pain and other symptoms, there is minimal persuasive evidence in the record from treating and examining providers to indicate these conditions significantly impact the claimant's ability to perform work-related activities such that she is "disabled."

*Id.* at 26. The ALJ appropriately weighed Ms. Barjenbruch's opinions and substantial evidence in the record supports the weight she accorded those opinions.

Plaintiff also argues the ALJ improperly relied on the State agency physicians' opinions. Dkt. 11 at 11. Plaintiff supports this argument by claiming the State Agency physicians, Dr. Spence and Dr. Rehrig, were not privy to subsequent medical records and information. *Id.* at 12-13. This argument fails because the ALJ did not wholly rely on the state agency opinions, and she addressed the subsequent medical records. AR: 28. She specifically states, "The subsequent medical evidence received since these determinations contains minimally significant objective or diagnostic findings and continues to support the State agency conclusions." *Id.* The ALJ found the state agency opinions to be only somewhat persuasive because they did not include limitations in their RFC finding. The ALJ determined that Plaintiff's ongoing central canal narrowing and stenosis and the clinical findings of tenderness supported the

9

limitations of limited climbing and no reaching overhead. *Id.* Plaintiff's arguments are ultimately a request to reweigh the evidence, which the Court cannot do. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007).

The ALJ found that Dr. Spence and Dr. Rehrig's findings were supported by other evidence in the record. She accounted for the subsequent medical evidence and carefully considered all the evidence in the record when determining Plaintiff's RFC. ALJs are not required to adopt every aspect of a physician's medical report in their RFC determination. *See Rex v. Colvin*, 26 F. Supp. 3d 1058, 1063 (D. Colo. 2014). The Court has reviewed the record and finds substantial evidence in the record supports the ALJ's findings.

For the reasons shared above, the Court is satisfied that the ALJ considered all relevant facts, applied the correct legal standards, and that the record contains substantial evidence from which the Commissioner could properly conclude under the law and regulations that Plaintiff was not disabled within the meaning of Title II of the Social Security Act, and therefore, not eligible to receive DIB.

Accordingly, IT IS ORDERED that the Commissioner's Final Decision is AFFIRMED, and this civil action is DISMISSED, with each party paying their own fees and costs.

DATED: April 10, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge